SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derald Wayne Dreier, | No. CV 11-08082-PCT-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Kirsten Mortenson, et al., | |
| Defendants. | |

Plaintiff Derald Wayne Dreier, who is confined in the Arizona State Prison Complex-Eyman, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 5.) The Court will order Defendant Mortenson to answer Counts I and II of the Complaint and will dismiss the remaining Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.   Complaint**

Plaintiff alleges two counts for denial of constitutionally adequate medical care. Plaintiff sues the Mohave County Jail, the Mohave County Sheriff's Office (MCSO), Mohave County, and the Doctor Kirsten Mortenson and Grievance Co-ordinator E. Howard, who both worked at the Mohave County Jail. Plaintiff seeks compensatory relief.

Plaintiff alleges the following facts: Prior to being jailed in the Mohave County Jail, Plaintiff had back surgery and an electrical impulse stimulator was implanted. To work, the stimulator requires a charging and control unit to keep it charged. In addition, to use the stimulator, Plaintiff had to be able to turn the unit on and off. During his incarceration at the Jail, Defendant Mortenson refused to allow Plaintiff access to the stimulator control unit as an inconvenience to staff. Defendant Howard refused to intercede regarding Mortenson's decision after Plaintiff filed a grievance. As a result of the inability to activate the stimulator, Plaintiff was in uncontrolled pain and had limited use of his left leg. Further, Plaintiff will require another surgery to replace the implant due to its not being charged.

At some point while confined at the Jail, Plaintiff was attacked by another inmate, resulting in injury to his right hand. Since the injury, Plaintiff is in constant pain and has very limited range of motion. Dr. Mortenson had x-rays of the hand made. Although a bone was sticking up three-quarters of an inch, Mortenson refused to treat the hand because it was not life-threatening and therefore not their responsibility. According to Plaintiff, Grievance Co-ordinator Howard refused to correct the situation.

**IV.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of

1  a particular defendant and he must allege an affirmative link between the injury and the
2  conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Improper Defendants

Plaintiff sues names the Mohave County Jail and MCSO as Defendants. Neither is a proper Defendant under § 1983. Claims under §1983 are directed at "bodies politic and corporate." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 688-89 (1978). Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. Id. at 689-690. However, because a jail is neither a corporation nor a body politic, it is not a "person" for purposes of §1983. Similarly, a sheriff's office is not a "person" within the meaning of § 1983. See e.g., Petaway v. City of New Haven Police Dep't, 541 F. Supp.2d 504 (D. Conn. 2008); Pahle v. Colebrookdale Tp., 227 F. Supp.2d 361 (E.D. Pa. 2002). Accordingly, both the Mohave County Jail and MCSO will be dismissed.

### B. Mohave County

Plaintiff also sues Mohave County. Mohave County is a municipality, and as discussed above, is a "person" for purposes of § 1983, which may be sued. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694. However, to state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989)). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents, i.e., pursuant to *respondeat superior*. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Further, "it is only when the 'execution of the government's policy or custom inflicts the injury' that the municipality may be held liable under § 1983." City of Springfield v. Kibbe, 480 U.S. 257, 267 (1987) (citing Monell, 436 U.S. at 694). But see City of Canton v. Harris, 489 U.S. 378, 389 (1989)

1 (holding local governments may be held liable if it has a policy of inaction and such a policy results in failure to protect a constitutional right). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) alleges that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff predicates liability against Mohave County solely based on *respondeat superior*. Plaintiff fails to allege facts to support that Mohave County promulgated or endorsed a policy, custom, or practice resulting in a violation of Plaintiff's rights. For that reason, Mohave County Jail be dismissed.

**C.  Howard**

Plaintiff also sues Grievance Co-ordinator Howard for allegedly failing to intercede regarding medical care. To state a claim against a defendant, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom or that the official promulgated a policy, practice or custom resulting in the violation. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). In addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc.Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Moreover, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior

does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589LJODLBP, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

Plaintiff appears to predicate liability against Howard solely on grievances filed by Plaintiff regarding the allegedly unconstitutional medical care provided by Mortenson. Plaintiff does not allege facts to support that Howard was directly involved in the decision not to treat his conditions and Howard's mere denial of Plaintiff's grievances is not sufficient to make him liable for Mortenson's conduct. Accordingly, Howard will be dismissed.

**V.     Claims for Which an Answer Will be Required**

In Count I, Plaintiff alleges that Dr. Mortenson denied him access to a control unit required to charge his stimulator to relieve back pain because it was inconvenient. As a result, Plaintiff alleges that he suffered uncontrolled pain. In Count II, he alleges that Dr. Mortenson refused to treat the hand because the injury was not life-threatening, despite the obvious damage and pain. Plaintiff sufficiently states a claim against Mortenson in these two counts and she will be required to respond.

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

C.   **Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

D.   **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 5.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Defendants Mohave County Jail, Mohave County Sheriff's Office, Mohave County, and Howard are **dismissed** without prejudice.

(4) Defendant Mortenson must answer Counts I and II.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Mortenson.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to: Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to: Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

under 28 U.S.C. § 636(b)(1).

DATED this 12th day of July, 2011.

David G. Campbell
United States District Judge