**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darald Wayne Dreier, | No. CV 11-8082-PCT-DGC (SPL) |
| Plaintiff, | **ORDER** |
| vs. | |
| Kirsten Mortenson, et al., | |
| Defendants. | |

Plaintiff Darald Wayne Dreier brought this civil rights action under 42 U.S.C. § 1983 against Mohave County Jail physician Kirsten Mortenson (Doc. 1 at 3-4). Before the Court is Defendant's Motion for Summary Judgment (Doc. 25), which Plaintiff opposes (Docs. 40-41, 45).[1] The Court will grant Defendant's motion and dismiss this action.

**I.    Background**

Plaintiff's claims arose during his confinement in the Mohave County Jail (Doc. 1 at 1). He was incarcerated on several occasions, including from March 9-March 27, 2009; May 6-July 29, 2009; September 30-October 28, 2009; and January 11-June 24, 2010 (Doc. 26, Def.'s Statement of Facts (DSOF) ¶ 1). In his Complaint, Plaintiff stated that prior to his incarcerations he underwent back surgery, which included the implantation of an electrical impulse stimulator (Doc. 1 at 3). The stimulator requires a charging and control unit to allow Plaintiff to turn it on and off as necessary. Plaintiff alleged that Defendant refused to permit Plaintiff to access the control unit on the basis that it was an inconvenience to staff (id.).

---

[1] Plaintiff filed a supplemental response after requesting additional discovery from Defendant (Doc. 45).

In his second claim, Plaintiff asserted that he was attacked by another inmate, resulting in an injury to his right hand that caused constant pain and limited range of motion (id. at 4). Plaintiff claimed that although Defendant ordered x-rays of the hand, she would not authorize treatment for a bone "sticking up" three-quarters of an inch (id.). Rather, Defendant indicated that because the injury was not life-threatening, it was not the jail's responsibility to treat (id.).

The Court determined that Plaintiff stated deliberate indifference claims against Defendant (Doc. 7 at 6).[2] Defendant now moves for summary judgment on the grounds that (1) Plaintiff failed to exhaust administrative remedies for his claims as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a); (2) Plaintiff's claims for conduct prior to May 20, 2009 are barred by the statute of limitations; (3) Plaintiff has failed to provide expert testimony to establish deliberate indifference or negligence; and (4) Defendant was not deliberately indifferent to Plaintiff's serious medical needs (Doc. 25).

**II.     Exhaustion**

Defendant's first argument for summary judgment is that Plaintiff did not exhaust the jail's grievance procedure for either of his deliberate indifference claims (Doc. 25 at 15-18). Exhaustion is a matter in abatement, which is properly raised in an unenumerated Rule 12(b) motion to dismiss rather than a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). To the extent that Defendant argues nonexhaustion, the motion will be construed as an unenumerated Rule 12(b) motion to dismiss.

**A.     Legal Standard**

Under the PLRA, an inmate must exhaust available administrative remedies before bringing a federal action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison or jail life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative

---

[2]Upon screening pursuant to 28 U.S.C. § 1915A(a), the Court dismissed Mohave County Jail, Mohave County Sheriff's Office, Mohave County, and Howard as Defendants (Doc. 7 at 4-6).

- 2 -

process, Booth v. Churner, 532 U.S. 731, 741 (2001). An inmate must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Therefore, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter in abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. When doing so, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.     Arguments**

*1. Defendant's Motion*

In support of her nonexhaustion argument, Defendant submits two affidavits from Bruce Brown, the Mohave County Jail Director (Doc. 26, Ex. C, Brown Aff.; Doc. 37, Ex. D, Brown Supp. Aff.). Brown's affidavits are supported by excerpts from the Mohave County Jail's inmate manual and Plaintiff's grievance file (Doc. 26, Ex. C, Attach. 2; Doc. 37, Ex. D, Attach. 1). Brown states that he maintains inmate grievance forms as part of his duties (Doc. 26, Ex. C, Brown Aff. ¶ 1).

Brown attests that at the time relevant to Plaintiff's deliberate indifference claims, the jail's grievance procedure was outlined in the jail's inmate manual (Doc. 37, Ex. D, Brown Supp. Aff. ¶ 2). The policy mandates that inmates must first attempt to resolve any issues informally through discussions with jail staff. If not satisfied, inmates may file a formal grievance and, if still unsatisfied, appeal that decision to the Jail Commander, whose decision is final (id., Attach. 1). Brown explains that inmates receive a copy of the grievance policy when they arrive at the jail (Brown Supp. Aff. ¶ 2). Brown states that Plaintiff only filed one grievance during his incarceration (Doc. 26, Ex. C., Brown Aff. ¶ 3). This grievance was dated on June 3, 2010, and complained about the lack of treatment for the injury to Plaintiff's

hand (Doc. 28-5, Attach. 2). The grievance coordinator responded to Plaintiff's grievance on June 9, but Plaintiff did not file an appeal to the Jail Commander (id.).

In her motion, Defendant relies on Brown's affidavit to argue that Plaintiff failed to properly exhaust administrative remedies for both of his deliberate indifference claims (Doc. 25 at 15-18).

### *2. Plaintiff's Response*[3]

In response, Plaintiff acknowledges that exhaustion of administrative remedies is mandatory but argues that the jail's grievance procedure is too vague to meet constitutional standards (Doc. 42 at 3). He further contends that he initiated numerous complaints and appeals but they were destroyed by jail staff. As a result, Plaintiff argues that he has been denied access to the court (id.). In support, Plaintiff submits his declaration, wherein he avers that he attempted to appeal his June 3 grievance three times prior to his release on June 24 but the appeals must have been destroyed (Doc. 42, Attach. 1, Pl. Decl. ¶ A). Plaintiff further states that during his incarceration he submitted numerous other grievances regarding a variety of issues, including access to his charging and control unit for his stimulator, other instances of denial of medical treatment, and denial of a safe housing environment (id. ¶ B).

**C.   Analysis**

As articulated above, Defendant has the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Defendant submits evidence that a grievance procedure was available at the jail, Plaintiff filed an initial grievance complaining about the lack of treatment for his hand injury, and that the jail has no record of a final grievance appeal as to either of Plaintiff's deliberate indifference claims (Doc. 26, Ex. C., Brown Aff. ¶ 3).

---

[3] Plaintiff was issued the Notice required under Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998), informing him of his obligation to respond to Defendant's motion and the evidence necessary to defeat summary judgment (Doc. 29).

1    In response, Plaintiff alleges that he submitted "numerous" grievances during his
2 incarceration that jail officials must have destroyed (Doc. 42, Attach. 1, Pl. Decl. ¶ B). He
3 further avers that he attempted to appeal his June 3 grievance without success (id. ¶ A). It
4 is true that if Plaintiff was unable to file grievance forms or if he was reliably informed that
5 administrative remedies were not available, exhaustion is not required. Marella v. Terhune,
6 568 F.3d 1024, 1027 (9th Cir. 2009); Brown, 422 F.3d at 935. The Court, however, finds
7 that Plaintiff's generalized statements are insufficient to overcome Defendant's evidence for
8 several reasons. First, Plaintiff does not provide a copy of any grievance or appeal he
9 allegedly submitted. Second, Plaintiff does not offer any specific information about his
10 attempts to grieve his claims that would compel the Court to conclude that administrative
11 remedies were unavailable to him. See Neese v. Arpaio, 397 F.Supp.2d 1178, 1184 (D. Ariz.
12 2005) (granting the defendants' motion to dismiss for failure to exhaust when inmate fails
13 to present any specific or circumstantial evidence establishing that administrative remedies
14 were not available). Finally, Plaintiff's argument that he was prevented from using the
15 grievance process is belied by his ability to use the process to grieve his claim that he did not
16 receive proper treatment for his hand injury (Doc. 28-5, Attach. 2).

17    The Court also finds unavailing Plaintiff's assertion that the jail's grievance procedure
18 is "too vague to meet constitutional standards" (Doc. 42 at 3) because he does not explain
19 how the any supposed vagueness precluded him from exhausting his claim.

20    In short, Griffin makes clear that proper exhaustion "means that the grievant must use
21 all steps the prison holds out." 557 F.3d at 1119. Plaintiff failed to complete the jail's
22 grievance procedure as to the deliberate indifference claims presented in his Complaint.
23 Defendant's motion to dismiss will be granted and Plaintiff's claims will be dismissed
24 without prejudice. For these reasons, Defendant's motions to dismiss for failure to exhaust
25 must be granted.

26    Alternatively, the Court grants summary judgment to Defendant because there is no
27 evidence that she was deliberately indifferent to Plaintiff's medical needs. Indeed, the record
28 reflects that the x-rays of Plaintiff's right hand did not reveal any fractures, thereby rendering

- 5 -

a referral to a specialist unnecessary (Doc. 26, DSOF ¶¶ 32, 37). Further, Plaintiff's medical records reflect that his back pain was consistently treated with medication, directions on strengthening exercises, and authorization for a lower bunk and lower tier (id. ¶¶ 14-16, 21-22, 24). Plaintiff's deliberate indifference claims are nothing more than a disagreement with Defendant's treatment, which is insufficient to defeat summary judgment. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) ("[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'") (citations omitted). Nor is there any evidence that Defendant chose a course of treatment that was medically unacceptable, that it was chosen in conscious disregard of an excessive risk to Plaintiff's health, or that Plaintiff suffered any harm as a result. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**IT IS ORDERED:**

(1)  The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion for Summary Judgment (Doc. 25).

(2)  Defendant's Motion for Summary Judgment (Doc. 25) is **granted**.

(3)  This action is dismissed and the Clerk of Court is directed to enter judgment accordingly.

(4) For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from the judgment in this action would not be taken in good faith.

DATED this 22nd day of January, 2013.

_____
David G. Campbell
United States District Judge